UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IZABELLA KNYAZHINA, | No. 2:12-cv-2726 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the court on plaintiff's fully briefed motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").

Plaintiff brought this action seeking judicial review of a final administrative decision denying her application for Supplemental Security Income under Title XVI of the Social Security Act. On May 8, 2014, the parties filed a stipulation and proposed order for the voluntary remand of this action to the Commissioner of Social Security for a new hearing. (Dkt. No. 19.) The undersigned approved the parties' stipulation and remanded this matter on May 9, 2014. (Dkt. No. 20.)

On July 3, 2014, plaintiff filed her motion for attorney's fees. (Dkt. No. 21.) Plaintiff's motion seeks an award of $3,176.44 in attorney's fees based on 17 hours of attorney time

/////

1

1    expended.  On July 29, 2014, defendant filed a statement of non-opposition to plaintiff's motion.
2    (Dkt. No. 22.)
3           The EAJA provides that "a court shall award to a prevailing party . . . fees and other
4    expenses . . . incurred by that party in any civil action . . . brought by or against the United States
5    . . . unless the court finds that the position of the United States was substantially justified or that
6    special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  See also Gisbrecht v.
7    Barnhart, 535 U.S. 789, 796 (2002).  "It is the government's burden to show that its position was
8    substantially justified or that special circumstances exist to make an award unjust." Gutierrez v.
9    Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001)
10          A "party" under the EAJA is defined as including "an individual whose net worth did not
11   exceed $2,000,000 at the time the civil action was filed[.]" 28 U.S.C. § 2412(d)(2)(B)(i).  The
12   term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A).
13   "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the
14   prevailing party to the extent that the party 'unduly and unreasonably protracted' the final
15   resolution of the case." Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§
16   2412(d)(1)(C) & 2412(d)(2)(D)).
17          A party who obtains a remand in a Social Security case is a prevailing party for purposes
18   of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has
19   ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence
20   four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.") . "An
21   applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the
22   denial of her benefits is reversed and remanded regardless of whether disability benefits
23   ultimately are awarded." Gutierrez, 274 F.3d at 1257.
24          Here, the court finds that plaintiff is the prevailing party, that plaintiff did not unduly
25   delay this litigation, that her net worth did not exceed two million dollars when this action was
26   filed, (Dkt. No. 4), and that the position of the government was not substantially justified.  See
27   Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013) (position of the government "includes both
28   /////

the government's litigation position and the underlying agency action giving rise to the civil action.").

The EAJA expressly provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)A). Under the EAJA, hourly rates for attorney fees have been capped at $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an increase in the cost of living.[1] See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1147-49 (9th Cir. 2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998). Determining a reasonable fee "'requires more inquiry by a district court than finding the product of reasonable hours times a reasonable rate.'" Atkins, 154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (internal citations omitted)). The district court must consider "'the relationship between the amount of the fee awarded and the results obtained.'" Id. at 989 (quoting Hensley, 461 U.S. at 437).

Here, plaintiff's attorney filed a motion for summary judgment and then obtained a stipulation and order for a new hearing. After carefully reviewing the record and the pending motion, the court finds the claimed 17 hours to be a reasonable amount of attorney time to have expended on this matter and declines to conduct a line-by-line analysis of counsel's billing entries. See, e.g., Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *4 (E.D. Cal. Sept. 20, 2011); Destefano v. Astrue, No. 05-CV-3534, 2008 WL 623197, *4 (E.D. N.Y. Mar. 4, 2008). Moreover, the number of hours expended by plaintiff's attorney is well within the limit of what would be considered a reasonable amount of time spent on this action when compared to the time devoted to similar tasks by counsel in like social security appeals coming before this court. See Boulanger v. Astrue, No. CIV S-07-0849 DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); Watkins v. Astrue, No. CIV S-06-1895 DAD, 2011

---

[1] In accordance with the decision in Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. See http://www.ca9.uscourts.gov. Here, plaintiff's requested rates are at the statutory maximum rates established by the Ninth Circuit.

WL 4889190, at *2 (E.D. Cal. Oct. 13, 2011) (finding 62 hours to be a reasonable amount of time); Vallejo v. Astrue, No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be a reasonable amount of time); Dean v. Astrue, No. CIV S-07-0529 DAD, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009) (finding 41 hours to be a reasonable amount of time); see also Costa v. Commissioner of Social Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases."); cf. Costa v. Commissioner of Social Sec. Admin., 690 F.3d 1132, 1137 (9th Cir. 2012) ("District courts may not apply de facto caps limiting the number of hours attorneys can reasonably expend on 'routine' social security cases.").

Finally, although the government has not opposed plaintiff's motion, the government notes that any EAJA award must be made payable to the plaintiff. In this regard, an attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. Astrue v. Ratliff, 560 U.S. 586, 592-93 (2010).

Subsequent to the decision in Ratliff, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset. See Blackwell v. Astrue, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue, No. EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010). Similarly, in recently submitted stipulations and proposed orders for the award of attorney fees under the EAJA, the parties have stipulated that, if plaintiff does not owe a federal debt, the government will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and shall honor the assignment by making the fees and expenses payable directly to counsel. The court will incorporate such a provision in this order.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees under the Equal Access to Justice Act (Dkt. No. 21) is granted;

2. Plaintiff is awarded $3,176.64 in attorney fees under 28 U.S.C. § 2412(d); and

3. Defendant shall determine whether plaintiff's EAJA attorney's fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall cause the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment executed by plaintiff.

Dated: October 16, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\knyazhina2726.eaja.ord.docx